**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1682**

LORETTA ANGEL HONEYCUTT,

                    Plaintiff - Appellant,

          v.

BALTIMORE COUNTY, MARYLAND,

                    Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J.  Frederick Motz, District Judge.
(1:06-cv-00958-JFM)

Submitted:  April 30, 2008           Decided:  May 20, 2008

Before MICHAEL and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robin R. Cockey, COCKEY, BRENNAN & MALONEY, P.C., Salisbury,
Maryland, for Appellant.   John E. Beverungen, County Attorney,
James J. Nolan, Jr., Assistant County Attorney, BALTIMORE COUNTY
OFFICE OF LAW, Towson, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Loretta Angel Honeycutt appeals the district court's order granting summary judgment to the Employer on her Family and Medical Leave Act (FMLA) complaint. The district court granted summary judgment because Honeycutt failed to demonstrate that she was entitled to a three-year statute of limitations period on her claims because her employer willfully violated the FMLA. Finding no error, we affirm.

This court reviews de novo a district court's order granting summary judgment and views the facts in the light most favorable to the nonmoving party. Dawkins v. Witt, 318 F.3d 606, 610 (4th Cir. 2003). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Dawkins, 318 F.3d at 610. Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Generally, FMLA claims are subject to a two-year statute of limitations. 29 U.S.C. § 2617(c)(1) (2000). If the alleged FMLA violation is willful, the limitations period is extended to three years. 29 U.S.C. § 2617(c)(2) (2000). Because Honeycutt filed her complaint more than two years after her termination, the action is barred unless the record demonstrated a willful violation by the Employer.

We have reviewed the record and the parties' briefs and find no reversible error.  Accordingly, we affirm for the reasons stated by the district court.  <u>Honeycutt v. Baltimore County, Md.</u>, No. 1:06-cv-00958-JFM (D. Md. June 18, 2007).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>